# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

MATTHEW CUMMINGS,

    Petitioner,

v.                                                              Case No. 5:23-cv-00560

WARDEN HOLZAPFEL,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Matthew Cummings' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss (ECF No. 9) and Supplemental Motion to Dismiss (ECF No. 11), both of which are unopposed. This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's unopposed Motion to Dismiss (ECF No. 9) and Supplemental Motion to Dismiss (ECF No. 11) and **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action.

## PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

Petitioner is a federal inmate serving an aggregate 144-month sentence after being convicted of Hobbs Act robbery and various firearms offenses in the United States District Court for the Eastern District of North Carolina. *See United States v. Cummings*, No. 7:16-cr-00124 (E.D.N.C.). His federal sentence was imposed on August 22, 2017 and his

current release date is December 26, 2025.[1] On August 21, 2023, Petitioner filed the instant petition alleging that he is also the subject of "a laundry list" of criminal charges in the state courts of Carteret and Craven Counties in North Carolina, which had been pending since 2016. (ECF No. 1; ECF No. 2 at 1). His current petition alleges speedy trial and due process violations under the Sixth and Fourteenth Amendments based upon the failure to adjudicate his "overly-stale" North Carolina charges. (ECF No. 1 at 2, 6; ECF No. 2 at 2). He claims that the state courts and prosecutors have ignored his diligent demands for a speedy trial, and he seeks the intervention of this federal court to order that his North Carolina charges be tried, otherwise resolved, or dismissed. (ECF No. 1 at 7; ECF No. 2 at 2).

Petitioner contends that, due to this seven-year delay, he is losing the right to have his state sentences run concurrent to his federal sentences and is also prohibited from filing an appeal because the trial courts have not made any rulings from which he could appeal. (ECF No. 2 at 5). He further claims that the delay may result in the unavailability or loss of witnesses and evidence. (*Id.*) Petitioner further contends that his case meets the "exceptional circumstances" for federal court intervention, as an exception to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), and in accordance with the factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). (*Id.* at 2-6).

On September 18, 2023, Respondent filed a Motion to Dismiss (ECF No. 9) and a Memorandum of Law in support thereof (ECF No. 10), asserting that this United States District Court lacks jurisdiction over the North Carolina state courts or should abstain

---

[1] At the time he filed the instant petition, Petitioner was incarcerated at FCI Beckley in Beaver, West Virginia. However, he has since been transferred to FCI Yazoo City Low in Yazoo City, Mississippi. The Clerk is directed to modify Petitioner's address on the docket sheet.

2

from exercising any jurisdiction it may have under *Younger, supra*, 401 U.S. 37. Respondent further asserts that Petitioner has not exhausted the available state court remedies in North Carolina, as required before he may pursue federal habeas corpus relief. (ECF No. 10 at 2).

On September 19, 2023, Respondent filed a Supplemental Motion to Dismiss asserting that Petitioner's charges in Carteret County, North Carolina had been dismissed without prejudice, rendering the portion of Petitioner's petition challenging those charges moot. (ECF No. 11 at 1). However, the Craven County charges remain pending, and Respondent stands by his prior arguments concerning those charges. (*Id.* at 1-2).

On September 19, 2023, the undersigned entered an Amended Order and Notice directing Petitioner to respond to Respondent's Motion to Dismiss and Supplemental Motion to Dismiss by October 19, 2023. (ECF No. 12). The Amended Order and Notice notified Petitioner of his obligation to update the Clerk and Respondent of any changes to his contact information and warned Petitioner that the failure to comply with the Order and Notice may result in the dismissal of this matter under Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 1-2). Petitioner did not respond to Respondent's motion and has not communicated with the court since he filed his petition and paid his filing fee. Thus, the undersigned deems Respondent's motions to dismiss to be unopposed.

## ANALYSIS

Despite Petitioner's failure to update his contact information which as previously warned, could be a stand-alone ground for dismissal of the petition under Rule 41(b),[2]

---

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629

the undersigned will, nonetheless, address Respondent's arguments for dismissal of the § 2241 petition, which are also meritorious.

    A.    *This court lacks jurisdiction over the North Carolina state courts.*

Petitioner is not challenging his incarceration due to his federal conviction; nor is he challenging any pending state court actions within this district. (ECF Nos. 1 and 2). Rather, the allegations in his § 2241 petition solely challenge criminal actions pending in North Carolina state courts. As asserted by Respondent, this West Virginia federal court has no jurisdiction over the criminal actions pending in the North Carolina state courts, since they are outside the jurisdictional reach of this court. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 499 (1973) (Notwithstanding the fact that § 2241 petitioner was incarcerated in Alabama, speedy trial challenge to pending charges in Kentucky must be pursued in federal court in Kentucky); *Skinner v. United States*, 857 F.2d 1469 (4th Cir. 1988) ("A petitioner who attacks the validity of a state detainer must file in the district where the detainer originates, as that district court alone has jurisdiction over the state defendants."); *Norris v. Georgia*, 522 F.2d 1006, 1011 (4th Cir. 1975) (North Carolina federal court lacked in personam jurisdiction to bar Georgia and Louisiana officials from prosecuting petitioner on charges pending in those states); *Jones v. Deboo*, 2012 WL

---

(1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

2396872 * 3 (N.D.W. Va. Apr. 17, 2012) (Petitioner challenging Pennsylvania detainer must do so in a Pennsylvania court "because his complaint is with the State of Pennsylvania and not the BOP."), *adopting report and recommendation*, 2012 WL 2396367 (June 25, 2012), *appeal dismissed*, No. 12-7109 (4th Cir. Sep. 17, 2012).

    As noted by the Fourth Circuit in *Norris*:

> In order to possess jurisdiction in a case involving a challenge to an untried criminal charge on which a detainer is based, a federal district court must possess the power to grant relief, which would entail possessing the power to direct In personam, that the pending charge be dismissed.  However, a federal district court in the state and district of confinement simply has no state officer within its jurisdiction whom it can direct to dismiss the state charges, and there is no way of enforcing a writ to that effect which might be issued. * * * Clearly the exercise of jurisdiction to consider a challenge, by means of federal habeas corpus, must be made in the state and district from which the detainer issued and in which the underlying criminal charge is pending."

522 F.2d at 1013 (quoting *Baity v. Ciccone*, 370 F. Supp. 552, 556-57 (D. Mo. 1974); *see also Brown v. Tatum*, No. 1:16-cv-05307, 2018 WL 1614093, *5 (S.D.W. Va. Feb. 26, 2018), *report and recommendation adopted by* 2018 WL 1611599 (S.D.W. Va. Apr. 2, 2018) (West Virginia federal court "is not the proper forum in which to resolve an attack on the validity of [a Virginia] detainer.") (collecting cases); *Morris v. United States*, No. 5:10-cv-00717, 2013 WL 5230635, * 6 (S.D.W. Va. Sept. 16, 2013) ("Any contention with respect to the legality of the detainer must be pursued in the demanding state.") (collecting cases).

    Because Petitioner's instant petition challenges the validity or legality of pending charges in North Carolina, and not any effect thereof on his federal custody, this West Virginia federal court lacks jurisdiction to consider Petitioner's claims, which must be pursued, if at all, in North Carolina.  Accordingly, the undersigned proposes that the

presiding District Judge **FIND** that this federal court lacks jurisdiction to consider Petitioner's claims.

      B.     *Petitioner has not exhausted his state court remedies.*

Respondent's unopposed motion to dismiss also asserts that Petitioner has not exhausted his remedies in the state courts in North Carolina, as the charges in Craven County are still pending, and there have not been any final judgments or convictions in the North Carolina trial or appellate courts. Although § 2241 contains no express reference to exhaustion of state remedies, courts have held that exhaustion is necessary prior to filing a § 2241 petition in federal court. *See, e.g., Braden, supra*, 410 U.S. at 490-91; *Moore v. DeYoung*, 515 F.2d 437, 442-43 (3d Cir. 1975).

Petitioner's petition documents contend that he has made demands in the state courts for trial or dismissal of his criminal charges which have been ignored. However, he does not allege that he has exhausted all available avenues under state law for pursuing the relief he seeks, including any appeals or original jurisdiction petitions in North Carolina's highest court.

Since the Petitioner has not exhausted remedies in the criminal actions pending in the state courts in North Carolina, his petition and civil action in this court should be dismissed. *See Braden*, 410 U.S. at 489 ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."); *Jones v. Perkins*, 245 U.S. 390, 381 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Wallace v. Crawley*, 817 F.2d 103 (4th Cir.

Apr. 22, 1987) ("Prior to seeking habeas relief in the federal courts in Virginia, however, Wallace must first exhaust his state remedies in the Virginia courts."); *Poole v. Joyner*, No. 5:19-cv-00280-DCC-KDW, 2019 WL 2090850, *2 (D.S.C. Mar. 27, 2019) ("prior to submitting his § 2241 petition in this case challenging a state detainer, Petitioner was required to exhaust his available state remedies.") (citing *Graham v. Brooks*, 342 F. Supp.2d 256, 262 (D. Del. 2004) ("[W]hen a habeas petitioner is incarcerated in one state but challenges a detainer lodged by another state on speedy trial grounds, 'habeas corpus relief [is] available only if the prisoner [has] exhausted the remedies available to him in the indicting state when seeking his right to a speedy trial on the underlying charges.'"); *Morris v. United States*, 2013 WL 5230635 (S.D.W. Va. Sep. 16, 2013) (prior to seeking habeas relief in federal court, petitioner must first exhaust his remedies in state courts). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition should be dismissed for failure to exhaust available state court remedies. *See Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.")

> C. *This Court should abstain from exercising jurisdiction over Petitioner's pending state proceedings.*

Related to Petitioner's failure to exhaust available state court remedies is the fact that he may pursue the relief he seeks through his pending North Carolina criminal matters and that a federal court should generally abstain from interfering with a pending state criminal matter absent "special" or "extraordinary" circumstances. *See Younger v.*

*Harris,* 401 U.S. 37, 44 (1971). "[T]he circumstances under which pretrial detainees might make a viable claim for habeas relief are extremely limited." *Johnson v. Francis*, No. 5:19-cv-00609, 2022 WL 1040404, *2 (S.D.W. Va. Mar. 11, 2022), *report and recommendation adopted by* 2022 WL 1042719 (Apr. 6, 2022).

Under the *Younger* abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). Petitioner's case meets these three criteria. "[C]ourts routinely dismiss as premature habeas petitions filed during the defendant's criminal trial and raising claims that should be addressed as part of the criminal proceedings." *Elkins v. United States*, No. 7:12-cv-00058, 2012 WL 1016066, *1 (W.D. Va. Mar. 23, 2012).

A court should disregard *Younger*'s mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). To prevail under the bad faith exception, the

8

petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). The petitioner has a heavy burden to overcome the bar of *Younger* abstention and must set forth "more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997).

Petitioner's petition merely asserts that he has "overly-stale" state court charges and that his demands for a speedy trial or other resolution of those charges have been ignored. Petitioner's Memorandum addresses his case under the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The four factors that the Supreme Court identified for consideration in determining whether a defendant's speedy trial rights have been violated are: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *Id.* at 530. Petitioner asserts that, under these factors, the delay in his state court proceedings is "presumptively prejudicial." (ECF No. 2 at 3-4).

However, federal courts have often abstained from considering a speedy trial claim at the pretrial stage because the claim could be raised in the state courts at trial and on direct appeal. *See, e.g., Dickerson v. State of Louisiana*, 816 F.2d 220, 226-27 (5th Cir. 1987) (affirming denial of pretrial habeas relief on Sixth Amendment speedy trial claim); *Carden v. State of Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (reversing district court's granting of habeas relief on Sixth Amendment speedy trial claim because petitioner did not demonstrate special circumstances warranting federal intervention prior to trial); *Neville v. Cavanaugh*, 611 F.2d 673, 674-76 (7th Cir. 1979) (affirming denial of pretrial habeas petition claiming speedy trial violation); *Moore v. DeYoung*, 515 F.2d at 443

(concluding that federal court should abstain from considering speedy trial claim at pre-trial stage because claim could be raised in state court proceedings).

Notwithstanding Petitioner's assertions that his requests for a speedy trial have been ignored, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has not exhausted all available state court remedies through which he may first present his instant claims and, thus, this court should abstain from exercising any jurisdiction over Petitioner's claims.

D. *Petitioner's claims concerning his Carteret County charges are moot.*

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." It is apparent from Respondent's undisputed Supplemental Motion to Dismiss that Petitioner's pending charges in Carteret County, North Carolina have been dismissed without prejudice. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's due process and speedy trial claims concerning his Carteret County charges are clearly moot and should be dismissed for lack of Article III jurisdiction.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's unopposed Motion to Dismiss (ECF No.

9) and Supplemental Motion to Dismiss (ECF No. 11) and **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 1) and this civil action.[3]

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Volk.

---

3 Respondent's unopposed motion also argues for dismissal based on the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). However, considering the other recommended bases for dismissal, the undersigned finds it unnecessary to address the application of this doctrine herein.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

July 12, 2024

Dwane L. Tinsley
United States Magistrate Judge